UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00022-RJC

| | |
|---|---|
| TAMARA NOLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **Order** |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**THIS MATTER** is before the Court on cross-motions for summary judgment filed by Tamara Nolen and the Commissioner of Social Security (Doc. Nos. 11, 14). For the reasons below, Nolen's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**, the Commissioner's Motion for Summary Judgment (Doc. No. 14) is **DENIED**, and this case is **REMANDED** for further proceedings consistent with this Order.

**I.  BACKGROUND**

After her hearing before a Social Security Administrative Law Judge, Tamara Nolen was denied disability benefits. Administrative Record ("A.R.") 26, Doc. No. 8. She sought those benefits because, as relevant here, she claims that she is disabled due to a limited ability to stand and walk. Pl.'s Mem. Supp. Mot. Summ. J. 2–8, Doc. No. 12; *see* A.R. 21 (listing alleged disabilities). The ALJ rejected Nolen's claim, concluding that she is not disabled because she could work two jobs she previously had: a job as a cashier supervisor and another as a coin machine collector supervisor. A.R. 25–26. That determination was fatal to her claim. *Id.* Nolen now claims that the ALJ incorrectly evaluated her ability to stand and walk and thus erred in concluding that she could work her old jobs. Pl.'s Mem. 2. She also challenges the constitutionality of the ALJ's

appointment. *Id.*

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. This is true even if the reviewing court

2

disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

### A. The ALJ's Analysis of Nolen's Residual Functional Capacity

The ALJ denied Nolen's claim at stage four of his analysis, during his evaluation of her residual functional capacity. A.R. 25–26.[1] Nolen claims that this evaluation was faulty. Specifically, she argues that the ALJ failed to conduct a function-by-function analysis of her ability to stand and walk, a failure that she says led the ALJ to wrongly conclude that she could work her past jobs. Pl.'s Mem. 1–2.

Under Fourth Circuit precedent, the ALJ's analysis is incomplete. The Fourth Circuit requires ALJs to conduct a "function-by-function" analysis when they evaluate a claimant's residual functional capacity. *Dowling v. Comm'r of SSA*, 986 F.3d 377, 387 (4th Cir. 2021) (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)). When an ALJ assesses a claimant's "ability to perform [relevant] physical functions"—such as "standing" or "walking"— the ALJ must "determine, on a function-by-function basis," how the claimant's impairments "affect [her] ability to work." *Id.* (first quoting 20 C.F.R. § 416.945(b); then quoting *Thomas*, 916 F.3d at 311).

Here, the ALJ did not conduct a function-by-function analysis. During her testimony, Nolen indicated that, at the time relevant to her claim, she could walk for ten to fifteen minutes at a time and stand for fifteen to twenty minutes before she had to rest. A.R. 21, 47. These limitations allegedly arose from several impairments. *See, e.g.*, A.R. 22 ("[Nolen] was diagnosed with plantar

---

[1] Since a person claiming disability benefits must show that she was disabled as of the last day that she was insured, *see* 42 U.S.C. § 423(a)(1)(A), the ALJ evaluated Nolen's residual functional capacity as of September 30, 2017, her last day with insurance, A.R. 19, 26, Doc. No. 8.

3

fasciitis and neuritis of the left foot."); A.R. 23 ("[Nolen] was diagnosed with tarsal tunnel syndrome in her left lower limb . . . ."); A.R. 23 ("[Nolen] was diagnosed with primary osteoarthritis of the right knee . . . ."). Yet the ALJ did not independently analyze Nolen's standing and walking abilities, nor did he specifically explain how he determined that she was capable of "standing six of eight hours" and "walking six of eight hours." A.R. 24. Rather, he stated that his conclusion about Nolen's residual functional capacity "is supported by the overall evidence," including evidence about Nolen's "activities of daily living." A.R. 24; *see also* A.R. 21–22 (stating that "the overall evidence" does not "support [Nolen's] alleged loss of functioning"); A.R. 24 ("Based on the *combined effects* of *all* the claimant's impairments set forth . . . above, . . . I limited the claimant to . . . standing six of eight hours [and] walking six of eight hours." (emphasis added)). Such an all-at-once assessment is not the type of specific function-by-function examination required by Fourth Circuit caselaw. "[T]he ALJ never explained how he concluded," based on the "evidence," that Nolen "could actually perform" two of "the tasks required"—"standing or walking for six hours." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis omitted)). And even when there is evidence that a claimant can perform certain "daily activities," an ALJ still must "adequately explain how [the claimant's] ability to carry out daily activities support[s] his conclusion[s]" about the specific physical functions that the claimant could perform. *Arakas v. Comm'r of SSA*, 983 F.3d 83, 99 (4th Cir. 2020). The ALJ did not do that here.

A remand is required. The ALJ's assessment is "lacking in the analysis needed for [the Court] to review meaningfully [his] conclusions." *Mascio v. Colvin*, 780 F.3d 632, 636–37 (4th Cir. 2015). And in cases like this where an ALJ failed to conduct a function-by-function analysis of a claimant's contested functions, the Fourth Circuit has remanded for the ALJ to conduct that analysis in the first instance. *See, e.g.*, *Dowling*, 986 F.3d at 388–89; *Woods*, 888 F.3d at 694. The

4

Court will remand this case for the same reason.

### B. The Constitutionality of the ALJ's Appointment

Nolen also argues that the ALJ's appointment violated the Appointments Clause. Pl.'s Mem. 8–9. She bases this constitutional argument on a subsidiary statutory one: that Nancy Berryhill, the person who ratified the ALJ's appointment, was not authorized by the Federal Vacancies Reform Act ("FVRA") to serve as the Acting Commissioner of the Social Security Administration at the time of the ratification. *Id.* Specifically, she claims that under the FVRA Berryhill had "only 210 days beginning on the date the vacancy occur[red]" to serve as the Acting Commissioner, and since her ratification of the ALJ's appointment occurred after 210 days had passed, the ratification was invalid and thus unconstitutional. *Id.* (citing 5 U.S.C. § 3346(a)(1)).

But as explained by a host of courts, the FVRA also allows "the person serving as an acting officer" to "serve in the office" during "the period" that a "first or second nomination for the office" is "pending in the Senate." 5 U.S.C. § 3346(a)(2); *see Williams v. Kijakazi*, 2022 WL 2163008, at *3 & n.3 (W.D.N.C. June 15, 2022) (collecting cases); *Snyder v. Kijakazi*, 2022 WL 4464847, at *18–21 (N.D. Iowa Sept. 26, 2022) (same). That is true even if, as here, the person stopped serving in the office after the expiration of subsection (a)(1)'s 210 days and then resumed serving under subsection (a)(2) once a nomination was submitted to the Senate. *Dahle v. Kijakazi*, 2023 WL 2379383, at *3 (8th Cir. 2023); *see also id.* (explaining that the phrase "the person serving," as used in § 3346(a), references the person "qualified to be serving under § 3345," not the person "'presently' serving under § 3346(a)(1)"). Because the ALJ's appointment was ratified by Berryhill as Acting Commissioner during the time that Andrew Saul's "nomination [was] pending in the Senate," 5 U.S.C. § 3346(a)(2), her ratification of the ALJ's appointment was valid, and his appointment does not violate the Appointments Clause.

5

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Nolen's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**.

2. The Commissioner's Motion for Summary Judgment (Doc. No. 14) is **DENIED**.

3. This case is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

Signed: March 29, 2023

Robert J. Conrad, Jr.
United States District Judge